UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Sandra Daly,                                    :  Civil Action No.: _____
                                                :
                          Plaintiff,            :
            v.                                  :
                                                :
Takhar Collection Services, Ltd.; and DOES 1-   :  COMPLAINT
10, inclusive,                                  :
                                                :
                          Defendants.           :

For this Complaint, the Plaintiff, Sandra Daly, by undersigned counsel, states as

follows:

## JURISDICTION

1.    This action arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's

personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer

debt.

2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the

Defendants transact business in this District and a substantial portion of the acts giving rise to

this action occurred in this District.

## PARTIES

4.    The Plaintiff, Sandra Daly ("Plaintiff"), is an adult individual residing in North

Grafton, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

1

5.     The Defendant, Takhar Collection Services, Ltd. ("Takhar"), is a New York business entity with an address of 1623 Military Road, Suite 537, Niagara Falls, New York, 14304, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Takhar and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Takhar at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.     The Plaintiff incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Takhar for collection, or Takhar was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Takhar Engages in Harassment and Abusive Tactics

12.     The Defendants placed excessive telephone calls to the Plaintiff.

13.     The Defendants called the Plaintiff six (6) to seven (7) times per day.

14.     The Defendants have threatened to injure the Plaintiff's credit report.

15.     The Plaintiff informed the Defendants that she is being represented by an attorney.  The Defendants, however, continued to contact the Plaintiff.

16.     The Defendants used rude and abusive language with the Plaintiff, and were often aggressive with her during telephone conversations.

17.     The Plaintiff requested that the Defendants send her information in writing regarding the Debt.  To date, the Defendants however, have not sent her anything.

18.     The Defendants did not send the Plaintiff a validation letter explaining her rights under state and federal law, or her right to dispute the Debt.

### C. Plaintiff Suffered Actual Damages

19.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

24.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

25.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692f(8) in that Defendants indicated, through language and symbols, on an envelope addressed to the Plaintiff that the communication concerned debt collection.

28.     The Defendants' conduct violated 15 U.S.C. § 1692h in that Defendants applied payments to a debt that was disputed.

29.     The Defendants' conduct violated 15 U.S.C. § 1692h in that Defendants did not apply payments to multiple debts in the order specified by the Plaintiff.

30.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

31.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

32.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

33. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

34. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

35. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been validated.

36. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

37. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

38. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

40. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

41.     The Plaintiff incorporates by reference all of the above paragraphs of this
Complaint as though fully stated herein.

42.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as,
"One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs
or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be
highly offensive to a reasonable person."

43.     Massachusetts further recognizes the Plaintiff's right to be free from invasions of
privacy, thus Defendant violated Massachusetts state law.

44.     The Defendant intentionally intruded upon Plaintiff's right to privacy by
continually harassing the Plaintiff with telephone calls.

45.     The telephone calls made by Defendant to the Plaintiff were so persistent and
repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial
burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement
for an invasion of privacy.

46.     The conduct of the Defendant in engaging in the illegal collection activities
resulted in multiple invasions of privacy in such a way as would be considered highly offensive
to a reasonable person.

47.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual
damages in an amount to be determined at trial from Defendant.

48.     All acts of Defendant and its agents were committed with malice, intent,
wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

50.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

51.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Massachusetts.

52.     All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2.  Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4.  Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 19, 2010

Respectfully submitted,

By:   /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
Attorneys for Plaintiff