

# Takhar Group of Companies

**Takhar Collection Services Ltd.,**
**Takhar Investments Inc.**
202 Beverly Street, Cambridge, Ontario N1R 3Z8
Phone (888) 246-3871  Fax (519) 622-6411



FILED
IN CLERKS OFFICE

2010 OCT 14  P 3: 22

U.S. DISTRICT COURT
DISTRICT OF MASS.

Monday, October 4th, 2010

Lemberg & Associates, LLC
1100 Summer St, 3rd Floor
Stamford, CT 06905

Attention: Sergei Lemberg

Re: 1:10-cv-10658-LTS, Sandra Daly vs. Takhar Collection Services Ltd,

Mr. Lemberg,

In regards to your Summons in a Civil Action filed on April 19, 2010 and served to our office on August 20, 2010, we hereby respond:

We are in receipt of your claim far past the filing date, however we are prepared to respond to the following matters:

1) Your claim states that our office allegedly placed excessive calls to the Plaintiff, as often as six to seven times per day. Our office contests this alleged claim, and states we attempted to contact the plaintiff on the following occasions:

   2010-04-03 11:02:23
   2010-04-02 09:07:44
   2010-04-01 12:26:28
   2010-03-31 10:38:32
   2010-03-26 10:54:23
   2010-03-25 09:52:58
   2010-03-24 11:49:39
   2010-03-23 09:14:24
   2010-03-22 17:23:59

2) On speaking with the Plaintiff, they stated they wished to remit payment on a number of occasions and identified herself as cooperative and willing to pay.

3) In our last contact with the Plaintiff on 2010-04-03 11:02:23, the Plaintiff did indicate she was represented by an attorney, however she did not state who her attorney was, and terminated the call before we could receive that information. Regardless, we have not attempted to contact the Plaintiff since that day.

4) Our office contests that we have used rude or abusive language, and holds the Plaintiff to strict proof of claim.



[illegible]
Tailstar Investments Ltd.
202 Beverly Street, Cambridge, Ontario N1R [illegible]
Phone (888) 246-3571 Fax (519) 622-6411

8) The Plaintiff claims our office has not sent any notification of this debt in writing. Our records indicate that upon receiving the alleged debt in our office on October 12, 2009, an initial communication was issued to the Plaintiff's last known address [illegible]

12) At no point has the Defendant used, through language and symbols, on an envelope addressed to the Plaintiff that the communication concerned debt collection. In fact, the Plaintiff's allegation #27 is in direct contradiction of allegation [illegible] that a letter was not received at any point.

13) At no point has the Defendant [illegible] payments to a debt [illegible], as the Plaintiff at no point [illegible]

19) At no point has the Defendant performed collection efforts [illegible] though the debt had come to be validated, as the Plaintiff consented to the debt, and agreed to remit payment on a number of occasions.

20) At no point has the Defendant performed any attempt to contact the Plaintiff outside of the bounds set by the FDCPA, nor has this activity violated the Massachusetts Consumer Protection Act.

21) At no point has the [illegible]

# Takhar Group of Companies

**Takhar Collection Services Ltd.,**
**Takhar Investments Inc.**
202 Beverly Street, Cambridge, Ontario N1R 3Z8
Phone (888) 246-3871  Fax (519) 622-6411

5) The Plaintiff claims our office has not sent any notification of this debt in writing. Our records indicate that upon receiving the alleged debt in our office on October 12, 2009, an initial communication was issued to the Plaintiff's last known address of 57 Waterville St, North Grafton, MA 01536. Further, the Plaintiff requested a second notice to be sent to her address on March 31, 2010, which was done.

6) Both letters issued to the Plaintiff on October 12, 2009 and March 31, 2010 explained the rights to dispute under the FDCPA, and the allegation to the contrary is false.

7) The claim of the Plaintiff that they have suffered at the actions of Takhar Collection Services, and that the Defendant's conduct is "outrageous in character", is spurious and without documentation, and we hold the Defendant to strict proof of claim.

8) At no point has the Defendant contacted the Plaintiff at a place and time known to be inconvenient.

9) At no point has the Defendant contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

10) At no point has the Defendant used profane or abusive language.

11) At no point has the Defendant used false or deceptive means to attempt to collect a debt.

12) At no point has the Defendant used, through language and symbols, on an envelope addressed to the Plaintiff that the communication concerned debt collection. In fact, the Plaintiff's allegation #27 is in direct contradiction of allegation #18 that a letter was not received at any point.

13) At no point has the Defendant applied payments to a debt that was disputed, as the Plaintiff at no point has remitted funds to Takhar Collection Services.

14) At no point has the Defendant applied payments to multiple debts, as the Plaintiff at no point has remitted funds to Takhar Collection Services.

15) At no point has the Defendant failed to send the Plaintiff a validation notice stating the amount of the debt, as this was done on October 12, 2009 to 57 Waterville St, North Grafton, MA 01536.

16) At no point has the Defendant failed to send the Plaintiff a validation notice stating the name of the original creditor, as this was done on October 12, 2009 to 57 Waterville St, North Grafton, MA 01536.

17) At no point has the Defendant failed to send the Plaintiff a validation notice stating the right to dispute the debt, as this was done on October 12, 2009 to 57 Waterville St, North Grafton, MA 01536.

18) At no point has the Defendant failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification of the debt, as this was done on October 12, 2009 to 57 Waterville St, North Grafton, MA 01536.

19) At no point has the Defendant continued collection efforts even though the debt had failed to be validated, as the Plaintiff consented to the debt, and agreed to remit payment on a number of occasions.

20) At no point has the Defendant performed any attempt to contact the Plaintiff outside of the bounds set by the FDCPA, nor has this activity violated the Massachusetts Consumer Protection Act.

21) At no point has the Defendant "harassed the Plaintiff", "hounded the Plaintiff", or made calls of such frequency as to violate the Massachusetts Consumer Protection Act.



# **Takhar Group of Companies**
*Takhar Collection Services Ltd.,*
*Takhar Investments Inc.*
202 Beverly Street, Cambridge, Ontario N1R 3Z8
Phone (888) 246-3871  Fax (519) 622-6411

22) At no point has the Defendant performed any actions with malice, intent, wantonness, or recklessness in dealing or attempting to deal with the Plaintiff, and would hold the Plaintiff to strict proof of claim on these spurious allegations.

This claim lists numerous allegations of violation of the FDCPA and the Massachusetts Consumer Protection Act, but fails to provide any factual documentation, or make reference to any factual action taken by the Defendant. We find this claim to be without merit, and will vigorously defend our company's name and actions in this regard.

Regards,

Blair Wettlaufer – Manager (Operations)
Takhar Collection Services Ltd.

CC     United States District Court, District of Massachusetts, 24 New Chardon St, Boston MA 02114-4703
CC     Claude Isaacksz LLB, 1434 King St E, Cambridge, ON N3H 3R4